IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY & KATRINA HEARD,    )<br>)<br>Plaintiffs,    )<br>)<br>)<br>v.    )<br>)<br>NATIONSTAR MORTGAGE    )<br>LLC, *et. al.*,    )<br>)<br>Defendants.    )<br>_____ ) | CIVIL ACTION NO.<br>2:16-cv-00694-MHH |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Defendant Nationstar Mortgage, LLC ("Nationstar") files this Surreply in Opposition to Plaintiffs Tommy and Katrina Heard's Motion for Summary Judgment (ECF No. 47) and states as follows.

**I.    The D.C. Circuit's pending decision in *ACA International* will control the definition of an "Automatic Telephone Dialing System" – not the *Meyer* ruling.**

Plaintiffs contend that an unpublished federal district court decision from California somehow is dispositive of whether Nationstar's dialing system constitutes an "automatic telephone dialing system" (ATDS) under the TCPA. (*See* Pls.' Summ. J. Reply (ECF No. 53) at 2 (citing *Meyer v. Portfolio Recovery Assocs., LLC*, No. 3:11-cv-1008, 2011 WL 11712610 (S.D. Cal. Sept. 14, 2011))). Yet, under the federal Hobbs Act, 28 U.S.C. § 2342(1), district courts have no

30475869 v1

jurisdiction to challenge or overturn final agency orders like the July 10, 2015 FCC Order regarding the definition of an ATDS. Instead, only federal courts of appeals have exclusive jurisdiction to review such final FCC decisions. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1306-07 (11th Cir. 2015); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119 (11th Cir. 2014). "This procedural path created by the command of Congress 'promotes judicial efficiency, vests an appellate panel rather than a single district judge with the power of agency review, and allows 'uniform, nationwide interpretation of the federal statute by the centralized expert agency created by Congress' to enforce the TCPA.'" *Mais*, 768 F.3d at 1119 (quoting *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)). The Hobbs Act is critical here because the D.C. Circuit in *ACA International* will decide the issue currently pending before this Court: whether the FCC's broad definition of an ATDS exceeds its agency powers under the TCPA. (*See* Nationstar's Summ. J. Opp'n Mem. (ECF No. 51) at 11-16).

The *Meyer* decision, upon which Plaintiffs so heavily rely, was an unpublished district court decision on a preliminary injunction motion. *See Meyer*, 2011 WL 11712610, at *6. The defendant did not even contest the ATDS issue on appeal to the Ninth Circuit. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). More importantly, the *Meyer* decision rested on the FCC's 2003 Order, which found that a "predictive dialer" with the "capacity"

to dial numbers without human intervention constitutes an ATDS.  *See Meyer*, 2011 WL 11712610, at *6 n.10 (citing *In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14014, 14091-93 (2003)).  But this aspect of the 2003 FCC Order — that predictive dialers have the "capacity" to be an ATDS — was incorporated into the July 10, 2015 FCC Order, which is on appeal to the D.C. Circuit in *ACA International*.  *See In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7973-74 (2015).  As discussed above, the Hobbs Act requires that only a federal court of appeals — like the D.C. Circuit in *ACA International* — has the power to set aside a final FCC order on a direct appeal from that order.  *Murphy*, 797 F.3d at 1306-07; *Mais*, 768 F.3d at 1119.  Thus, rather than looking to the unpublished district court decision in *Meyer*, this Court should stay this action pending the outcome of the D.C. Circuit's controlling decision in *ACA International*.  (*See* Nationstar's Summ. J. Opp'n Mem. at 11-16).

II. **Nationstar's actions were not "willful or knowing"; at the very least, issues of disputed material fact bar summary judgment on this point.**

Plaintiffs concede that Eleventh Circuit law requires that Nationstar must have been aware that it used an ATDS in order to be liable for a "knowing or willful" TCPA violation.  (*See* Pls.' Summ. J. Reply at 3 (citing *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011))).  For the reasons articulated in the previous section and in its opposition brief, Nationstar has established that it had — and continues to have — a good faith belief that its

equipment is *not* an ATDS and does not violate the TCPA. In addition, Plaintiffs completely fail to address Nationstar's assertion that it has policies and practices in place to stop calling borrowers when a revocation request is made, (*see* Def.'s Resp. & Counterstatement to Pls.' Statement of Facts (ECF No. 52) ¶ 128), which further shows Nationstar's lack of "knowing or willful" conduct under the TCPA.

### III. Eleventh Circuit law is entirely consistent with the Second Circuit's *Reyes* ruling.

Plaintiffs assert that the Eleventh Circuit's decision in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014), which held that oral revocation generally is allowed under the TCPA, is inconsistent with the Second Circuit's recent holding in *Reyes* that contractual consent to receive automated calls cannot be unilaterally revoked once it is given. (Pls.' Summ. J. Reply at 7-8). But there is nothing inconsistent about these two decisions. *Osorio* expressly *excepted* contractual calls from its holding: "We . . . conclude that Betancourt and Osario, *in the absence of any contractual restriction to the contrary*, were free to orally revoke any consent previously given to State Farm to call No. 8626 in connection with Betancourt's credit-card debt." *Osario*, 746 F.3d at 1255 (emphasis added). Indeed, the Eleventh Circuit recently reiterated this limitation on the *Osorio* holding: "In *Osorio*, we applied common-law consent principles and held that, *absent a contractual restriction to the contrary*, the TCPA allows a

consumer to orally revoke her consent to receive automated calls." *Schweitzer v. Comenity Bank*, 866 F.3d 1273 (11th Cir. 2017) (emphasis added).

### IV. Plaintiffs have not established any actual prejudice from the timing of Nationstar's *res judicata* defense for calls made before October 14, 2015.

Plaintiffs assert that Nationstar waived its *res judicata* defense based on the *Wright* class action settlement by not raising it earlier. However, that defense did not even exist until at least October 25, 2016, when the Seventh Circuit dismissed the last remaining appeal from the final approval order in the *Wright* action. (*See* Seventh Circuit Appeal No. 16-3537, Oct. 25, 2016 Order dismissing appeal). Nationstar filed its Answer and Affirmative Defenses in this case over four months earlier, on June 13, 2016 (ECF No. 9), and the undersigned counsel did not substitute into the case as counsel of record until August 1, 2016 and November 11, 2016. (*See* ECF Nos. 17, 27-28, 30-31).

Moreover, aside from a vague and unsupported assertion that raising the defense "would violate the due process clause," (Pls.' Summ. J. Reply at 10), Plaintiffs fail to articulate any actual prejudice they have suffered as a result of Nationstar's raising the *res judicata* defense when it did. Plaintiffs' assertion that they may not be part of the settlement class in *Wright* is without merit. In fact, a postcard class notice was mailed to the Heards at their address of record in Alexandria, Alabama, and was not returned.

Respectfully submitted this 12th day of September, 2017.

      */s/ Ryan J. Hebson*
R. Frank Springfield (SPR024)
Ryan J. Hebson (HEB003)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
fspringf@burr.com
rhebson@burr.com

Henry Pietrkowski (admitted PHV)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606-7507
Telephone:  (312) 207-3904
Facsimile:  (312) 207-6400
hpietrkowski@reedsmith.com

Robert M. Luck, III (admitted PHV)
REED SMITH LLP
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219
Telephone:  (804) 344-3416
Facsimile:  (804) 344-3410
rluck@reedsmith.com

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Joshua C. Snable
> Snable Law Firm, LLC
> 2112 11th Avenue South, Suite 528
> Birmingham, Alabama  35205
> jsnable@snablelaw.com

> David A. Chami
> PRICE LAW GROUP, APC
> 1204 E. Baseline Rd., Suite 102
> Tempe, Arizona  85283
> david@pricelawgroup.com

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:  N/A          .

>                                   Respectfully submitted,
>
>
>                                    /s/ Ryan J. Hebson                
>                                   Ryan J. Hebson (HEB003)
>                                   Of Counsel

30475869 v1